John C. Wynne (Bar No. 83041)
Bernard L. Kleinke (Bar No. 119021)
Kevin L. Wheeler (Bar No. 207662)
**DUCKOR SPRADLING METZGER & WYNNE**
A Law Corporation
3043 4th Avenue
San Diego, California 92103
(619) 209-3000; (619) 209-3043 fax

Attorneys for Plaintiff
ALLIANCE OUTDOOR LIGHTING, INC.

FILED
2008 MAY -6  PM 4: 29

BY _____ KNIX _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLIANCE OUTDOOR LIGHTING, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNIQUE LIGHTING SYSTEMS, INC., and DOES 1 through 20, inclusive <br><br> Defendants. | CASE NO.: **'08 CV 0822 JLS WMc** <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff ALLIANCE OUTDOOR LIGHTING, INC. ("Alliance"), by and through its attorneys, alleges as follows:

1. This is a civil action arising under the Patent Laws of the United States, 35 U.S.C. §§101, et. seq., seeking declaratory judgment that United States Patent Number D563,588, entitled Light Fixture ("the '588 patent") is invalid and not infringed by Alliance. A true and correct copy of the '588 patent is attached hereto as Exhibit "A".

### PARTIES

2. Alliance is a corporation organized and existing under the laws of the State of California. Alliance maintains its principal place of business at 31588 Culbertson Lane, Temecula, California, 92591. Alliance widely advertises its products through print advertising and online at its website www.allianceoutdoorlighting.com and sells outdoor lighting and associated accessories in and around Southern California both by sales originating through its catalog and through regional distributors of its products.

3. Defendant UNIQUE LIGHTING SYSTEMS, INC. ("ULSI") maintains its principal place of business at 1240 Simpson Way, Escondido, California 92029. ULSI sells outdoor, low voltage landscape lighting. ULSI claims to be the assignee of the '588 patent.

### JURISDICTION AND VENUE

4. Alliance brings this complaint against ULSI pursuant to the patent laws of the United States, Title 35 of the United States Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2202.

5. This Court has subject matter jurisdiction over this action, which arises under the patent laws of the United States, pursuant to 28 U.S.C. § 1331, 1338(a), and 2201.

6. Venue in this District is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because ULSI does business in this District through the regular sales of its products, maintains its principal place of business in this District, and is subject to personal jurisdiction in this District.

### EXISTENCE OF AN ACTUAL CONTROVERSY

7. There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

8. Alliance widely advertises and promotes its products through print advertising via

Duckor
Spradling
Metzger
& Wynne

383002.1

- 2 -

COMPLAINT FOR DECLARATORY JUDGMENT

its catalog and online through its company website. Specifically, Alliance advertises one of its products, the SL100, a puck-styled step light that it sells via its catalog and through distributors throughout Southern California.

9. On or about April 29, 2008, ULSI, as the assignee of the '588 patent, threatened to initiate action against Alliance for infringement of the '588 patent. Specifically, ULSI sent a written communication to Alliance stating that Alliance's "Model No. SL100 falls within the scope of the '588 patent. Accordingly, any manufacture, use, offer to sell, sale or importation into the United States of the SL100, or of any similarly designed product, after the date of receipt of this letter will constitute intentional and willful infringement." A true and correct copy of the April 29, 2008 letter is attached hereto as Exhibit "B."

10. Alliance denies that the '588 patent is or has been infringed by Alliance and disputes the patent's validity.

11. Based on ULSI's communication with Alliance, its assertion that Alliance infringes the '588 patent, and its assertion that it would engage in litigation with Alliance unless Alliance "immediately stop making, using, offering for sale, selling or importing into the United States the step light product identified above and notify your distributors and third party resellers to whom you have sold the SL100," ULSI has created in Alliance a reasonable apprehension that it will initiate a patent infringement suit against Alliance, alleging that Alliance infringes the '588 patent.

12. Therefore, an actual and justiciable controversy exists between Alliance and ULSI as to whether the '588 patent is valid and/or infringed. Absent a declaration of invalidity and/or noninfringement, ULSI will continue to wrongfully assert the patent against Alliance, and thereby continue to cause Alliance injury and damage.

### FIRST CLAIM

### DECLARATORY JUDGMENT OF INVALIDITY OF THE '588 PATENT

13. Alliance hereby restates and realleges the allegations set forth in paragraphs 1 through 12 above and incorporates them by reference.

14. The claim of the '588 patent is invalid and/or unenforceable for failure to comply

comply with the requirements of the Patent Laws of the United Stated, including but not limited to the provisions of 35 U.S.C. §§ 102, 103, and 112.

15. ULSI's conduct, unless enjoined and restrained by this Court, will cause great and irreparable injury to Alliance in that its use, sale or offering for sale of its products and business reputation will be subjected to continued unjustified attacks adversely affecting its business.

16. Alliance has no adequate remedy at law for the injuries which it will incur from ULSI's conduct unless the '588 patent is declared invalid and ULSI is enjoined from asserting the patent against Alliance.

## SECOND CLAIM

### DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '588 PATENT

17. Alliance hereby restates and realleges the allegations set forth in paragraphs 1 through 12 above and incorporates them by reference.

18. Alliance does not infringe and is not infringing directly, indirectly, literally, or contributorily or under the doctrine of equivalence the claim of the '588 patent since the patent is invalid as a matter of law.

19. ULSI's conduct, unless enjoined and restrained by this Court, will cause great and irreparable injury to Alliance in that its use, sale or offering for sale of its products and business reputation will be subjected to continued unjustified attacks adversely affecting its business.

20. Alliance has no adequate remedy at law for the injuries which it will incur from ULSI's conduct unless the '588 patent is declared not infringed and ULSI is enjoined from asserting the patent against Alliance.

## THIRD CLAIM

### DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '588 PATENT

21. Alliance hereby restates and realleges the allegations set forth in paragraphs 1 through 12 above and incorporates them by reference.

22. The '588 patent is unenforceable as a matter of law because, upon information and belief, the inventor of the '588 patent failed to disclose to the United States Patent & Trademark Office information that is and was material to the issue of patentability of the '588 patent in

DUCKOR
SPRADLING
METZGER
& WYNNE

383002.1

- 4 -
COMPLAINT FOR DECLARATORY JUDGMENT

1  violation of the duty of candor and good faith required for issuance of the '588 patent pursuant to
2  37 C.F.R. §1.56
3       23.   ULSI's conduct, unless enjoined and restrained by this Court, will cause great and
4  irreparable injury to Alliance in that its use, sale or offering for sale of its products and business
5  reputation will be subjected to continued unjustified attacks adversely affecting its business.
6       24.   Alliance has no adequate remedy at law for the injuries which it will incur from
7  ULSI's conduct unless the '588 patent is declared unenforceable and ULSI is enjoined from
8  asserting the patent against Alliance.

## PRAYER FOR RELIEF

WHEREFORE, Alliance prays for judgment as follows:

1. Declaring that Alliance has not infringed and is not infringing, directly, indirectly or contributorily and claims of the '588 patent;

2. Declaring that each of the claims of the '588 patent is invalid;

3. Declaring that Defendant ULSI and each of its officers, employess, agents, alter egos, attorneys, and any persons in active concert, support or participation with them be restrained and enjoined from further prosecuting or instituting any action against Alliance claiming that the '588 patent is valid or infringed, or from representing that any of Alliance's products or services or others' use thereof, infringes the '588 patent;

4. Declaring this case exceptional under 35 U.S.C. § 285 and awarding Alliance its attorneys' fees and costs in connection with this case;

5. Awarding Alliance such other and further relief as the Court deems just and proper.

DATED: May 6, 2008

DUCKOR SPRADLING METZGER & WYNNE
A Law Corporation

By: _____
JOHN C. WYNNE
BERNARD L. KLEINKE
KEVIN L. WHEELER
Attorneys for Plaintiff
ALLIANCE OUTDOOR LIGHTING, INC.

**EXHIBIT A**

US00D563588S

## (12) United States Design Patent
Mullen

(10) Patent No.: **US D563,588 S**
(45) Date of Patent: ∗∗ **Mar. 4, 2008**

(54) **LIGHT FIXTURE**

(76) Inventor: **Nate Mullen**, 1240 Simpson Way, Escondido, CA (US) 92029

(∗∗) Term: **14 Years**

(21) Appl. No.: **29/254,070**

(22) Filed: **Feb. 16, 2006**

(51) **LOC (8) Cl.** ................................................ **26-03**
(52) **U.S. Cl.** ....................................... **D26/85**; D26/89
(58) **Field of Classification Search** ............... D26/72, D26/85–92, 37; 362/147, 431, 432, 362, 362/155–157
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D283,555 S | ∗ | 4/1986 | Levi | D26/85 |
| D346,869 S | ∗ | 5/1994 | Houssian | D26/26 |
| D378,621 S | ∗ | 3/1997 | Landefeld | D26/85 |
| D393,095 S | ∗ | 3/1998 | Fiorato | D26/85 |
| D505,739 S | ∗ | 5/2005 | Hajianpour | D26/37 |

∗ cited by examiner

*Primary Examiner*—Clare E Heflin
(74) *Attorney, Agent, or Firm*—Kelly Lowry & Kelley, LLP

(57) **CLAIM**

The ornamental design for a light fixture, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of the light fixture embodying the new design;

FIG. 2 is a front view of the present invention;

FIG. 3 is a back view of the present invention;

FIG. 4 is a side view of the present invention, the other side view being a mirror image of this side view as shown; and,

FIG. 5 is a top view of the light fixture.

**1 Claim, 2 Drawing Sheets**




**U.S. Patent**     Mar. 4, 2008     Sheet 1 of 2     US D563,588 S



FIG. 1



FIG. 2



FIG. 3



FIG. 4



FIG. 5

# Knobbe Martens Olson & Bear LLP
*Intellectual Property Law*

550 West C Street
Suite 1200
San Diego CA 92101
Tel 619-235-8550
Fax 619-235-0176
www.kmob.com

Cynthia Arko
619-685-8687
cynthia.arko@kmob.com

April 29, 2008

**VIA FEDERAL EXPRESS**

Robert McKay
Alliance Outdoor Lighting, Inc.
31588 Culbertson Lane
Temecula, CA 92591

Re:    Unique Lighting Systems' U.S. Design Patent No. D563,588
       Our Reference: UNIQ.021IS

Dear Mr. McKay:

On March 4, 2008, the United States Patent and Trademark Office granted Nate Mullen U.S. Design Patent No. D563,588, entitled "Light Fixture" ("the '588 Patent"), a copy of which is enclosed. Unique Lighting is the owner by assignment of the '588 Patent.

It has come to our attention that your company is marketing at least one step light product, Model No. SL100. This letter is to put your company on notice that Alliance Outdoor Lighting's Model No. SL100 falls within the scope of the '588 Patent. Accordingly, any manufacture, use, offer to sell, sale, or importation into the United States of the SL100, or of any similarly designed product, after the date of receipt of this letter, will constitute intentional and willful infringement. The patent laws provide that a patent owner may obtain injunctive relief against infringers, 35 U.S.C. § 283, and may recover up to three times the amount of money damages found adequate to compensate for the infringement if the infringement is found to be willful. 35 U.S.C. § 284. In addition, the prevailing party in patent infringement litigation may be entitled to recover its attorney's fees from the other side. 35 U.S.C. § 285.

**Knobbe Martens Olson & Bear LLP**

Robert McKay
April 29, 2008
Page -2-

      We demand that you immediately stop making, using, offering for sale, selling or importing into the United States the step light product identified above and notify your distributors and third party resellers to whom you have sold the SL100. Please contact us no later than <u>**May 6, 2008**</u> to confirm your compliance.

                                          Sincerely,

                                          Cynthia Arko

Enclosure (U.S. Design Patent No. D563,588)

cc:    Unique Lighting Systems, Inc.
        Boris Zelkind

4161324\cey
082007

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ALLIANCE OUTDOOR LIGHTING, INC.

**DEFENDANTS**
UNIQUE LIGHTING SYSTEMS, INC.; and DOES 1 through 20, inclusive

(b) County of Residence of First Listed Plaintiff: **Riverside**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **San Diego**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Duckor Spradling Metzger & Wynne, 3043 Fourth Ave.
San Diego, CA 92103 - phone no. (619) 209-3000

Attorneys (If Known)
'08 CV 0822 JLS WMc

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
35 U.S.C. §§101, et seq.
Brief description of cause:
Declaratory Judgment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 05/06/2008
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # 150591   AMOUNT $350.00   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___
05/06/08

```
           UNITED STATES
           DISTRICT COURT
       SOUTHERN DISTRICT OF CALIFORNIA
             SAN DIEGO DIVISION

         # 150591     - MB

           May 06, 2008
             16:38:10


         Civ Fil Non-Pris
   USAO #.: 08CV0822 CIVIL FILING
   Judge..: JANIS L. SAMMARTINO
   Amount.:                $350.00 CK
   Check#.: BC10008



       Total->   $350.00



   FROM: ALLIANCE OUTDOOR LIGHTING INC
         VS UNIQUE LIGHTING SYSTEMS, ET
```