1  Frederick S. Berretta (State Bar No. 144,757)
   Boris Zelkind (State Bar No. 214,014)
2  Cynthia Arko (State Bar No. 248,687)
   KNOBBE, MARTENS, OLSON & BEAR, LLP
3  550 West C Street, Suite 1200
   San Diego, CA 92107
4  Phone: (619) 235-8550
   Facsimile: (619) 235-0176
5
   Attorneys for Defendant
6  UNIQUE LIGHTING SYSTEMS, INC.

7

8

9

10              IN THE UNITED STATES DISTRICT COURT

11           FOR THE SOUTHERN DISTRICT OF CALIFORNIA

12
    ALLIANCE OUTDOOR LIGHTING, INC.,   )  Case No. 08 cv 822 JLS (WMc)
13                                      )
                Plaintiff,              )  **DEFENDANT UNIQUE LIGHTING**
14                                      )  **SYSTEMS' ANSWER TO COMPLAINT**
         v.                             )  **FOR DECLARATORY JUDGMENT AND**
15                                      )  **COUNTERCLAIM**
    UNIQUE LIGHTING SYSTEMS, INC., and  )
16  DOES 1 through 20, inclusive,       )  **JURY DEMAND**
                                        )
17              Defendants.             )
                                        )
18

19      Defendant Unique Lighting Systems, Inc. (hereinafter "Unique"), by and through its

20  undersigned attorneys, answers the Complaint of Alliance Outdoor Lighting, Inc. (hereinafter

21  "Alliance") and counterclaims as follows:

22      1.      Unique admits the allegations of Paragraph 1.

23                                **PARTIES**

24      2.      Unique admits that Alliance is a California corporation that maintains a place

25  of business at 31588 Culbertson Lane, Temecula, CA 92591 and that Alliance advertises its

26  products through print advertising and online in and around Southern California. Unique lacks

27  sufficient knowledge or information to form a belief as to the truth or falsity of the remaining

28  allegations contained in Paragraph 2, and therefore denies the same.

3.    Unique admits the allegations of Paragraph 3.

**JURISDICTION AND VENUE**

4.    Unique admits the allegations of Paragraph 4.

5.    Unique admits the allegations of Paragraph 5.

6.    Unique admits the allegations of Paragraph 6.

**EXISTENCE OF AN ACTUAL CONTROVERSY**

7.    Unique denies the allegations of Paragraph 7.

8.    Unique admits upon information and belief that Alliance advertises and sells the SL100 step light.  Unique lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 8, and therefore denies the same.

9.    Unique admits that Exhibit B of the Complaint is a true and correct copy of Unique's April 29, 2008 letter to Alliance, which states that Alliance's "Model No. SL100 falls within the scope of the '588 Patent.  Accordingly, any manufacture, use, offer to sell, sale, or importation into the United States of the SL100, or of any similarly designed product, after the date of receipt of this letter, will constitute intentional and willful infringement." Unique denies the remaining allegations contained in Paragraph 9.

10.    Unique lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 10, and therefore denies the same.

11.    Unique denies the allegations of Paragraph 11.

12.    Unique denies the allegations of Paragraph 12.

**FIRST CLAIM**

**DECLARATORY JUDGMENT OF INVALIDITY OF THE '588 PATENT**

13.    Unique repeats, realleges, and fully incorporates herein by reference its responses to Paragraph 1 through 12 of the Complaint.

14.    Unique denies the allegations of Paragraph 14.

15.    Unique denies the allegations of Paragraph 15.

16.    Unique denies the allegations of Paragraph 16.

**SECOND CLAIM**

**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '588 PATENT**

17.    Unique repeats, realleges, and fully incorporates herein by reference its responses to Paragraph 1 through 16 of the Complaint.

18.    Unique denies the allegations of Paragraph 18.

19.    Unique denies the allegations of Paragraph 19.

20.    Unique denies the allegations of Paragraph 20.

**THIRD CLAIM**

**DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '588 PATENT**

21.    Unique repeats, realleges, and fully incorporates herein by reference its responses to Paragraph 1 through 20 of the Complaint.

22.    Unique denies the allegations of Paragraph 22.

23.    Unique denies the allegations of Paragraph 23.

24.    Unique denies the allegations of Paragraph 24.

**COUNTERCLAIM OF DEFENDANT UNIQUE**

Defendant Unique for its counterclaim against Plaintiff Alliance alleges as follows:

**JURISDICTION AND VENUE**

25.    This counterclaim arises under the patent laws of the United States, Title 35, United States Code, and more particularly 35 U.S.C. §§271 and 281.

26.    This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1338(a).

27.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**THE PARTIES**

28.    Counterclaim Plaintiff Unique is a limited liability company organized under the laws of the State of California with its principal place of business at 1240 Simpson Way, Escondido, California.

/ / /

/ / /

-3-

29.    Unique is the exclusive licensee having all substantial rights in United States Design Patent No. D563,588 ("the '588 patent"), duly and lawfully issued on March 4, 2008. A copy of the '588 patent is attached hereto as Exhibit A.

30.    Unique is informed and believes, and on that basis alleges, that Counterclaim Defendant Alliance is a California corporation having its principal place of business at 31588 Culbertson Lane, Temecula, CA 92591.

31.    Alliance is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

32.    Unique is engaged in the business of designing, manufacturing and selling landscape lighting products. Unique is the exclusive licensee having all substantial rights in Design Patent No. D563,588 ("the '588 patent"), duly and lawfully issued on March 4, 2008.

33.    Unique is informed and believes, and on that basis alleges, that Alliance makes, uses, sells and offers for sale outdoor lighting fixtures, including the outdoor lighting fixture sold as the SL100, that infringe the '588 patent.

34.    By the aforesaid acts of Alliance, Unique has been greatly damaged, and will continue to be irreparably damaged unless Alliance is enjoined by the Court.

## CLAIM FOR RELIEF

## (INFRINGEMENT OF THE '588 PATENT)

35.    Unique hereby realleges and incorporates by reference the allegations set forth in paragraphs 25 through 34 above.

36.    Unique is informed and believes, and on that basis alleges, that Alliance has been and still is infringing the '588 patent under 35 U.S.C. §§ 271(a) by making, using, selling and offering for sale outdoor lighting fixtures, including the outdoor lighting fixture sold as the SL100, that are covered by the claims of the '588 patent. Unique is further informed and believes, and on that basis alleges, that Alliance' infringement of the '588 patent under § 271(a) will continue unless enjoined by this Court.

/ / /

/ / /

-4-

1    37.    Unique is informed and believes, and on that basis alleges, that Alliance is

2    willfully and deliberately infringing the '588 patent with full knowledge thereof, and such

3    willful and deliberate infringement will continue unless enjoined by this Court.

4    38.    Unique is informed and believes, and on that basis alleges, that Alliance has

5    derived, received, and will continue to derive and receive from the aforesaid acts of infringement

6    gains, profits, and advantages, tangible and intangible, the extent of which are not presently

7    known to Unique.  By reason of the aforesaid acts of infringement, Unique has been, and will

8    continue to be, greatly and irreparably damaged.

9                              **PRAYER FOR RELIEF**

10   WHEREFORE, Counterclaim Plaintiff Unique prays for relief as follows:

11   A.    That Alliance take nothing by way of its Complaint and that the Complaint be

12   dismissed with prejudice;

13   B.    That Unique's '588 patent be deemed valid, enforceable, and willfully infringed;

14   C.    That Alliance and its subsidiaries, divisions, affiliates, officers, agents, servants,

15   employees and attorneys, and all those persons in active concert or participation with them be

16   preliminarily and thereafter permanently restrained and enjoined under 35 U.S.C. § 283 from

17   directly or indirectly infringing the '588 patent;

18   D.    That the Court award Unique recovery of damages to compensate Unique for

19   Alliance' infringement of the '588 patent, pursuant to 35 U.S.C. § 284;

20   E.    That the Court award Unique such additional sums for infringement of the '588

21   patent as provided for in 35 U.S.C. § 289.

22   F.    That Alliance be adjudged to have willfully infringed the '588 patent under 35

23   U.S.C. § 271(a), (b), and (c), and that the Court treble the amount of actual damages pursuant to

24   35 U.S.C. § 284;

25   G.    That the Court assess pre-judgment and post-judgment interests and costs of suit

26   against Alliance, and award such interests and costs to Unique pursuant to 35 U.S.C. § 284;

27   / / /

28   / / /

-5-

H.    That Alliance be required to account to Unique for any and all gains, profits and advantages derived by it, and all damages sustained by Unique, by reason of Alliance's acts complained of herein;

I.    That Alliance be directed to file with this Court and serve on Plaintiff within thirty (30) days after the service of the injunction, a report in writing, under oath, setting forth in detail the manner and form in which Alliance has complied with the injunction; and

J.    That Unique have such other and further relief as this Court may deem just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 2, 2008            By: s/Boris Zelkind
                                 Frederick S. Berretta
                                 Fred.Berretta@kmob.com
                                 Boris Zelkind
                                 Boris.Zelkind@kmob.com
                                 Cynthia Arko
                                 Cynthia.Arko@kmob.com

                                 Attorneys for Defendant
                                 UNIQUE LIGHTING SYSTEMS, INC.

**DEMAND FOR JURY TRIAL**

Plaintiff Unique Lighting Systems, Inc. hereby demands a trial by jury as to all issues triable by jury, specifically including, but not limited to, the infringement of United States Design Patent No. D563,588.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 2, 2008

By: s/Boris Zelkind
Frederick S. Berretta
Fred.Berretta@kmob.com
Boris Zelkind
Boris.Zelkind@kmob.com
Cynthia Arko
Cynthia.Arko@kmob.com

Attorneys for Defendant
UNIQUE LIGHTING SYSTEMS, INC.

## PROOF OF SERVICE

I hereby certify that on June 2, 2008, I caused the foregoing **DEFENDANT UNIQUE LIGHTING SYSTEMS' ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT AND COUNTERCLAIM WITH JURY DEMAND** to be electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the applicable registered filing users.

John C. Wynne
DUCKOR SPRADLING METZGER & WYNNE
3043 4th Avenue
San Diego CA  92103

Dated:  June 2, 2008

Megan Ptacin

5449640
052908

-8-