John C. Wynne (Bar No. 83041)
Bernard L. Kleinke (Bar No. 119021)
Kevin L. Wheeler (Bar No. 207662)
**DUCKOR SPRADLING METZGER & WYNNE**
A Law Corporation
3043 4th Avenue
San Diego, California 92103
(619) 209-3000; (619) 209-3043 fax

Attorneys for Defendant
ALLIANCE OUTDOOR LIGHTING, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLIANCE OUTDOOR LIGHTING, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNIQUE LIGHTING SYSTEMS, INC., <br><br> Defendant. | CASE NO.: 08cv0822 JLS (WMc) <br><br> **ANSWER TO COUNTERCLAIM** <br><br> Action Filed: May 6, 2008 <br> Trial Date:   None set |

Cross-defendant Alliance Outdoor Lighting, Inc. (hereinafter referred to as "Alliance") answers cross-claimant Unique Lighting Systems, Inc.'s ("ULSI") counterclaim as follows:

1. Alliance admits the counterclaim alleges patent infringement arising under Title 35, United States Code, but denies that patent infringement exists or occurred here and therefore, denies the allegations contained in paragraph 25.

2. Alliance admits the Court has subject matter jurisdiction of this matter under 28 U.S.C. §§1331 and 1338(a), but denies patent infringement exists or occurred here and therefore, denies the allegations contained in paragraph 26.

3. Alliance admits that venue is proper in this judicial district, but denies patent infringement exists or occurred here and therefore, denies the allegations contained in paragraph 27.

4. Alliance is without sufficient information to answer the allegations in paragraph 28, but believes them to be true, and on that basis denies the allegations in that paragraph.

5. Alliance is without sufficient information to answer the allegations in paragraph 29, but believes them to be true, and on that basis denies the allegations in that paragraph.

6. Alliance admits the allegations contained in paragraph 30.

7. Alliance admits the allegations contained in paragraph 31.

### FACTUAL BACKGROUND

8. Alliance is without sufficient information to answer the allegations in paragraph 32, but believes them to be true, and on that basis admits the allegations in that paragraph.

9. Alliance admits that it makes, uses, sells and offers for sale the SL100 lighting fixture, but denies that patent infringement exists or occurred here and therefore denies the remaining allegations contained in paragraph 33.

10. Alliance denies the allegations contained in paragraph 34.

### CLAIM FOR RELIEF

11. Alliance repleads and incorporates by reference as though fully set forth herein the allegations contained in all prior paragraphs of this answer.

12. Alliance denies the allegations contained in paragraph 36.

13. Alliance denies the allegations contained in paragraph 37.

### AFFIRMATIVE DEFENSES

14. For a further, separate answer in defense to the Complaint, and to each and every alleged cause of action contained therein, Defendant alleges the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

15. The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

16. Upon information and belief, ULSI's purported cause of action is barred by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

### (Inequitable Conduct)

17. Upon information and belief, ULSI's purported cause of action is barred by the doctrine of inequitable conduct.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

18. Upon information and belief, ULSI's purported cause of action is barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

19. Upon information and belief, ULSI's purported cause of action is barred by the doctrine of prosecution history estoppel.

## SIXTH AFFIRMATIVE DEFENSE

### (Invalid and Unenforceable Patent)

20. Upon information and belief, ULSI's purported cause of action is barred since its patent is invalid under 135 U.S.C. §§ 102 or 103.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

21. Upon information and belief, ULSI's has failed to reasonably mitigate its alleged damages

## EIGHTH AFFIRMATIVE DEFENSE

### (Exceptional Conduct)

22. Upon information and belief, ULSI's continued prosecution of this action constitutes exceptional conduct under 35 U.S.C. § 285.

## NINTH AFFIRMATIVE DEFENSE

### (Reservation of Affirmative Defenses)

23. Alliance reserves all affirmative defenses under the Federal Rules of Civil Procedure and Patent Laws of the United States of America and any other defenses, in law or equity, that may now exist or be available in the future.

WHEREFORE, Alliance respectfully requests entry of judgment as follows:

1. ULSI take nothing by its counterclaim;

2. ULSI's counterclaim be dismissed with prejudice;

3. Alliance be awarded its attorneys fees, costs and expenses incurred in connection with this action;

4. this case be declared exceptional and Alliance awarded its reasonable attorneys fees incurred in connection with this action under 35 U.S.C. § 285;

5. such other and further relief to Alliance as the Court deems just and proper.

### DEMAND FOR JURY

Alliance demands trial by jury of all triable issues in this action.

DATED: June 23, 2008

DUCKOR SPRADLING METZGER & WYNNE
A Law Corporation

By: /s/ Kevin L. Wheeler
JOHN C. WYNNE
BERNARD L. KLEINKE
KEVIN L. WHEELER
Attorneys for Plaintiff
ALLIANCE OUTDOOR LIGHTING, INC.

| IN THE UNITED STATES DISTRICT COURT<br>FOR THE SOUTHERN DISTRICT OF CALIFORNIA | | FOR COURT USE ONLY |
|---|---|---|
| ALLIANCE OUTDOOR LIGHTING v. UNIQUE LIGHTING SYSTEMS | | |
| Kevin L. Wheeler (SBN 207662)<br>DUCKOR SPRADLING METZGER & WYNNE<br>3043 4th Avenue<br>San Diego, CA 92103<br>(619) 209-3000 | | |
| **Attorneys for:** Plaintiff<br>ALLIANCE OUTDOOR LIGHTING, INC. | | **CASE NUMBER**<br>08cv0822 JLS (WMc) |

## PROOF OF SERVICE

I, the undersigned, say: I am over 18 years of age, employed in the County of San Diego, California, in which county the within-mentioned service occurred, and that I am not a party to the subject cause. My business address is 3043 Fourth Avenue, San Diego, CA 92103.

On June 23, 2008 I served the following document(s): ANSWER TO COUNTERCLAIM on the following persons at the addresses listed:

Boris Zelkind, Esq.
KNOBBE, MARTENS, OLSON & BEAR, LLP
550 West C Street, Suite 1200
San Diego, CA 92107

Telephone: 619-235-8550
Facsimile: 619-235-0176
Email Address: Boris.Zelkind@kmob.com
Attorneys for Defendant
UNIQUE LIGHTING SYSTEMS, INC.

☒ **BY CM/ECF Electronic Service:** I caused such document(s) to be served via the electronic filing system on all registered parties.

☐ **BY MAIL.** I am familiar with this firm's practice of collection and processing for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business pursuant to Code of Civil Procedure §1013(a).

☐ **BY FAX.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed above. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached.

☐ **BY E-MAIL.** In addition to service as set forth above, a copy of said documents was also sent via e-mail transmission to the addressee pursuant to agreement of counsel.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Executed on June 23, 2008

*Teresa Martinez*
Teresa Martinez